Concerning the decision of the majority rendered upon the first assignment of error presented by appellant, National City Bank, I must respectfully dissent.
In the case at bar, the record demonstrated that National City Bank acted in bad faith. Under Master, supra, bad faith can be demonstrated if the facts and circumstances are so obvious to a bank, that to remain passive would amount to a deliberate desire to evade knowledge demonstrating a defect in the transaction. The record demonstrated that National City Bank remained passive about discovering the probate court's judgment entry which ordered the funds to be deposited in Mahoning National Bank, and also ordered that court approval was needed before funds could be withdrawn. National City Bank's procedure for opening a guardianship account required presentation of a certified court appointment naming the guardian, and the court order for the transfer of assets in the name of the ward to the guardian. The bank procedures also indicated that these are two separate documents.
National City Bank was presented with a court order for the transfer of assets in the name of the ward to the guardian, but it was not presented with a certified court appointment, nor the probate court's judgment entry requiring that the funds be deposited in Mahoning National Bank and requiring court approval before funds could be withdrawn. National City Bank's failure to follow its own procedures in opening the guardianship account distinguish the present matter from Cincinnati, supra, andRinehart, supra as cited by the majority. Although National City Bank's failure to follow its own procedures could amount to negligence, this failure also demonstrated its passiveness. This passiveness concerned the obvious facts contained in the probate court's judgment entry and letters of guardianship. The letters of guardianship clearly stated that funds could not be released from the guardianship account without having prior court approval. The letters of guardianship also stated that the duties of the guardian could change when required by further court order. A later judgment entry stated that the money could only be deposited in Mahoning National Bank, and again stated that court approval was required before Ms. Dendy could withdraw funds. National City Bank benefitted from its passiveness because it retained Ms. Dendy's business even though the probate court's judgment entry required that the funds be placed with Mahoning National Bank. Thus, National City Bank's failure to follow its own procedures also demonstrated that it acted in bad faith.
This finding of bad faith provided weight to a finding that National City Bank was not entitled to the non-liability defense of R.C. 1339.08. As previously mentioned by the majority, R.C.1339.08 does not provide for the collection of a guardian's assets from the party which wrongfully converted the assets. However, the finding of bad faith provided sufficient weight and evidence to support a finding that National City Bank was liable for the concealment and embezzlement of the assets in Clark's estate pursuant to R.C. 2109.50 et seq., which was set forth in the complaint brought by appellees. Furthermore, the probate court's responsibility to protect the ward's estate provided it with the authority to enter judgment against National City Bank based upon its bad faith. See Jadwisiak, supra. Given the fact that National City Bank did not follow its own procedure and did not attempt to discover any additional facts regarding the guardianship account, there was competent, credible evidence demonstrating that National City Bank operated in bad faith and was thereby liable to Clark's estate. C. E. Morris, supra;Master, supra. Therefore, the trial court's finding National City Bank liable was not against the manifest weight of the evidence.
As such, I would find that appellant, National City Bank's arguments under its first assignment are without merit and would accordingly affirm the trial court's decision in this regard.